I agree that the summary judgment was proper as to USX, on the basis that James Evesque was not a borrowed servant of USX Corporation. However, I must respectfully dissent from the reversal of the summary judgment as to the defendant Evesque. I think Evesque is entitled to qualified immunity from liability.
This Court has described "ministerial acts" as those acts requiring an employee to exercise judgment and choice and to determine what is just and proper under the circumstances.Smith v. Arnold, 564 So.2d 873 (Ala. 1990). The majority holds that Evesque's voluntary decision to inspect the testing area might have been a discretionary act but that, when the inspection revealed the hazard of spilled hydraulic fluid, his acting to correct the problem was ministerial. Thus, under the majority's reasoning, Evesque was protected by qualified immunity when he decided to inspect the premises, but not when he attempted to correct a problem that his inspection revealed. I cannot draw this fine distinction.
The majority relies upon Phillips v. Thomas, 555 So.2d 81
(Ala. 1989), wherein the Court recognized the general principle that discretionary acts may also have ministerial components. In Phillips, the defendant, a *Page 1307 
day-care worker, had a statutory duty to inspect the premises of the day-care facility. Although this duty involved some degree of discretion, the worker was required to complete a written form containing "yes" or "no" questions about the condition of the day-care premises; the worker was not protected by qualified immunity when she wrongly answered one such question. The worker had little choice as to whether to inspect the premises or as to how she reported her findings; thus, her inspection was almost entirely ministerial.
In contrast, Evesque had no statutory duty to clean the testing area, much less a prescribed way to do so. Evesque was afforded great latitude and discretion in performing his job as a test administrator and instructor in the Industrial Training Department of Bessemer State Technical College. His decision to clean the testing area was an exercise of this discretion, and the cleaning itself was also an exercise of this discretion. I would therefore hold that Evesque is protected by qualified immunity from Defoor's negligence claims.